IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN C. HERNANDEZ and EVON HERNANDEZ, | ) ) ) | 2:12-cv-00012-GEB-DAD |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| PROVIDENT FUNDING, A business form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), A business form unknown; PROVIDENT FUNDING ASSOCIATES L.P. C/O THE MORTGAGE LAW FIRM, PLS; DOES I through X, inclusive; and, ROE CORPORATIONS, I through V, inclusive, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

On January 4, 2012, Plaintiffs proceeding without counsel filed a complaint and an application for a temporary restraining order ("TRO"). However, Plaintiffs have not shown that the federal court has subject matter jurisdiction over their complaint.

"It is a fundamental principle that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]he presence or absence of federal-question jurisdiction is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1089 (9th Cir. 2002).

Here, Plaintiffs' sole federal claim is based on the conclusory allegation that Defendants violated the Truth in Lending Act ("TILA"), and therefore, Plaintiffs are entitled to an "order declaring any mortgage or deed of trust . . . invalid . . . ." (Complaint, 5:20-23). Under TILA, a borrower's right to rescind a loan transaction "expire[s] three years after the date of the consummation of the transaction[.]" 15 U.S.C. § 1635(f). "Consummation" is defined under the statute as "the time that a consumer becomes contractually obligated on a credit transaction." <u>Grimes v. New Century Mortg. Corp.</u>, 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)). This three-year limitations period "represents an absolute limitation on rescission actions [and] bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside of the three-year limitation period." <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (internal quotation marks and citation omitted).

Since Plaintiffs consummated their loan on March 31, 2004, the three-year statute of limitations expired on March 31, 2007. (Complaint, Ex. D.) Therefore, the court lacks subject matter jurisdiction over Plaintiffs' TILA rescission claim, and this claim is dismissed against all Defendants with prejudice. <u>See</u> <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . without notice where the

claimant cannot possibly win relief."); see also Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (stating court may enter sua sponte dismissal as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants).

Further, since "'the federal claim [is] dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication.'" Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) (quoting 16 Moore's Fed. Practice § 106.66(1)). Therefore, Plaintiffs' supplemental claims are dismissed without prejudice. See id. ("[T]he district court has no discretion to exceed the scope of its Article III power, and must dismiss the state law claims without prejudice."). Because of these dismissals, Plaintiffs' application for a TRO is not considered. See Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Since Plaintiffs' TILA rescission claim is dismissed with prejudice, judgment shall be entered in favor of Defendants on Plaintiffs' TILA rescission claim, and this case shall be closed.

Dated:  January 4, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

3